UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| JOSE SANCHEZ RAMOS | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| vs | ) |
| | ) |
| | ) Civil Action No. 1:17-CV-00924 LMB/TCB |
| BAWADI, INC | ) |
| d/b/a Bawadi Mediterranean Grill and | ) |
| Sweets Cafe, AND | ) |
| KHALID MEKKI | ) |
| | ) |
| Defendants. | ) |

**MOTION OF DEFENDANTS TO VACATE DEFAULT JUDGMENTS PURSUANT TO RULE 55(c)**

Comes now counsel for Defendants Bawadi, Inc. and Khalid Mekki and files this Motion to Vacate the entry of default judgment [ECF No. 6] upon the following grounds.

Because "the interests of justice will best be served by a trial on the merits," Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, providing for vacatur, are "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

Rule 55(c) provides that default judgments may be set aside "for good cause" shown. In determining whether there is good cause, courts in this Circuit consider whether the movant (1) asserts a meritorious defense, (2) acts with reasonable promptness, (3) has personal responsibility for the default, and (4) has a history of dilatory action. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir.

2006). Courts also consider any prejudice to the non-moving party and whether less drastic sanctions are available. *Id.* This standard is less onerous than Rule 60(b)(1)'s "excusable neglect" standard. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010).

Most weight is given to the meritorious defense and reasonable promptness factors. *Burton v. TJX Cos., Inc.*, C.A. No. 3:07-CV-760, 2008 WL 1944033, *3 (E.D. Va. May 1, 2008) (citing *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). To show a meritorious defense, the movant need only make a "presentation or proffer of evidence, which, if believed would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "[T]his standard is a low bar." *Burton*, 2008 WL 1944033, at *3. Reasonable promptness depends on the individual facts and circumstances of each case. *Moradi*, 673 F.2d at 727.

In this present case, The Complaint was filed on August 15, 2017 and served on September 29, 2017 with response due on October 20, 2017. Throughout this time, Defendant Mekki was in communication with Plaintiff's counsel and believed in good faith he was close to a settlement. Due to personal family reasons and his full time management of the restaurant he was unable to find an attorney in time to answer the complaint, and at the same time file a responsive pleading. Counsel was hired in the last forty-eight hours and now files this Motion and attached Answer.

(*Intentionally left blank*)

Although filing a late pleading is never excusable, it has been less than thirty days. There is no prejudice to the Plaintiff. One of the defendants is a corporation and must be represented by counsel. Defendants have valid defenses to the claims set forth. In the interest of justice, Defendant respectfully requests that this Court vacate the entry of Default and accept the Defendants' Answer.

Respectfully Submitted,
/s/
Ashraf W. Nubani
VA Bar No. 43595
AWN Point Law, PLLC
2677 Prosperity Ave.
Suite 320
Fairfax, VA 22031
(703) 658-5151
(703) 658-9200
awn@awnpointlaw.com
Counsel For Defendants Bawadi Inc d/b/a Bawadi Mediterranean Grill and Sweets Cafe and Khalid Mekki

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2017, a copy of foregoing Motion to Vacate Default Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system or by mail to any party not able to access the courts electronic filing system.   Parties may access this filing through the courts CM/ECF system.

November 16, 2017

Respectfully Submitted,
_____/s/_____
Ashraf Nubani
VA Bar No. 43595
AWN Point Law, PLLC
2677 Prosperity Ave.
Suite 320
Fairfax, VA 22031
(703) 658-5151
(703) 658-9200
awn@awnpointlaw.com
Counsel For Defendants