**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| JOSE SANCHEZ RAMOS | |
|     Plaintiff, | |
|     v. | Case No. 1:17-cv-924-LMB-TCB |
| BAWADI, INC.<br>d/b/a Bawadi Mediterranean Grill and Sweets Café | Hearing Date: December 1, 2017 |
| and KHALID MEKKI | |
|     Defendants | |

**Memorandum in Opposition to Defendants' Motion to Vacate Default**

Defendants are in default after failing to answer the complaint in time. They now ask the Court to excuse their failure and set the default aside. But while the standard for setting aside a default is normally not a demanding one, Defendants simply have not met it. Defendants have shown no evidence that they have a viable defense to Plaintiff's claims, they have failed to act with reasonable promptness, and vacatur would cause the Plaintiff unfair prejudice. Defendants' motion should be denied. In the alternative, Plaintiff seeks the attorney's fees and costs incurred in seeking default judgment.

**Legal Standard**

Under Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default for good cause, considering factors that include:

1. Whether the moving party has a meritorious defense;

2. Whether the moving party acts with reasonable promptness;

1

3. The personal responsibility of the defaulting party for the default;

4. The prejudice to the non-moving party;

5. Whether there is a history of dilatory action; and

6. The availability of less-drastic sanctions.

*See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). As defendants note, the Fourth Circuit puts the greatest weight on the first two factors: reasonable promptness and a meritorious defense. (Motion to Set Aside Default, ECF No. 13 at 2, citing *Consol. Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). And while this standard is normally not a demanding one, Defendants have simply failed to meet it. Thus, their motion to set aside the default should be denied.

### Argument

**A. Defendants have failed to provide any evidence that they have a meritorious defense to Plaintiff's claims.**

As Defendants acknowledge, evidence of a meritorious defense is one of two factors the Fourth Circuit deems most important in establishing good cause. (*See* Motion to Set Aside Default, ECF No. 13 at 2). After all, setting aside a defendant's default is pointless if they have no defense to the underlying claims. For this reason, "[o]nce a party is in default, it has the burden to show, *by some amount of evidence, not by mere assertion*, that it has a viable defense or a counterclaim. If the party cannot make such a showing, it fails the meritorious defense requirement." *Bank of Southside Virginia v. Host & Cook, LLC*, 239 F.R.D. 441, 445 (E.D. Va. 2007) (emphasis added), citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). In their late-filed Answer, Defendants attempt to raise two affirmative defenses. But Defendants present no evidence in support of their assertions, and the

assertions themselves do not even state viable defenses as pled. Thus, Defendants' meritorious defense requirement is not met.

     First, Defendants assert that if they violated the Fair Labor Standards Act, "they did so in good faith and in the belief that they were not violating the Act." (ECF No. 11 at 3). This supposed "defense" lacks merit. To begin with, Defendants offer no evidence of their good faith, only the bare assertion. And even if the assertion were true, it would have no effect on the outcome of the case. Under the FLSA, a defendant's good faith is irrelevant to its liability for unpaid wages; it bears only on whether the prevailing plaintiff should receive "liquidated" (double) damages as a result.[1] *See* 29 U.S.C. § 260. And even in that context, a showing of good faith on its own is not enough: to avoid liquidated damages, the employer must also show that it had objectively "reasonable grounds" for its mistaken belief that it had complied with the FLSA. *Id.* Such reasonable grounds might include a consultation with an employment attorney familiar with the FLSA. *See McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 245 (4th Cir. 2016). However, it is not reasonable for an employer to simply assume that its pay practices comply with the FLSA just because its workers have not previously complained. Were that the case, "no employer would have any incentive to educate itself and proactively conform to governing labor law." *Id.* Here, Defendants have not even asserted—much less provided any evidence—that they had objectively reasonable grounds for their mistaken belief. Thus, their "good faith" defense lacks merit.

---

[1] Courts examine an FLSA defendant's good faith in only two other circumstances: (1) in determining whether the action is barred by the defendant's good-faith reliance on a federal regulation or policy (29 U.S.C. §§ 258–59) and (2) in deciding whether the defendant's violation was "willful" and thus subject to a three-year statute of limitations (rather than the default of two years). (29 U.S.C. § 255(a)). Neither issue is relevant here.

Second, Defendants assert that "Plaintiff was paid for the hours that Defendants believed in good faith that they [sic] worked and was based on information provided by the Plaintiff to the Defendants." (ECF No. 11 at 3). This assertion is simply too vague to constitute a defense: Defendants do not state what "information" Plaintiff supposedly provided to them about his hours worked in any workweek, or how much Defendants paid him for those hours. And as with their good-faith defense, Defendants have not supported this second defense with any evidence. Thus, this defense lacks merit as well.

Because Defendants have failed even to allege—much less show—that they have a meritorious defense to Plaintiffs' claims, there is no reason to set aside their default. Defendants' motion should be denied.

## B. Defendants have failed to act with reasonable promptness.

The other most-important factor, per the Fourth Circuit, is whether Defendants have acted with reasonable promptness. *See Consol. Masonry*, 83 F.2d at 251. Defendants have failed to act with reasonable promptness throughout this case. This Complaint was filed on August 15, 2017. (ECF No. 1; Ex. A, Declaration of Nicholas Marritz at ¶2). Plaintiffs notified Defendants of the lawsuit the day after it was filed via notice-and-waiver, but Defendants never returned the waiver forms. (*See* ECF No. 2; Ex. A, Marritz Decl. at ¶4). Plaintiffs then had the complaint formally served via process server on September 29, but Defendants did not respond by the October 20 deadline to answer. (ECF Nos. 4–5; Ex. A, Marritz Decl. at ¶¶6, 9–10). Plaintiffs waited an additional week before seeking entry of default, but Defendants still did nothing. (*See* ECF No. 5; Ex. A, Marritz Decl. at ¶11).

Defendants claim that Defendant Mekki failed to respond to the complaint due to "personal family reasons and his full time management of the restaurant". (ECF No. 13 at 2).

4

While the demands of work and family can be many, they do not justify a total failure to respond to a federal lawsuit. More troubling is Defendants' misrepresentation that they were in communication with Plaintiff's counsel "throughout this time." (*See* ECF No. 13 at 2). In fact, Defendants first contacted Plaintiffs' counsel on October 30—the day that their default was entered. (Ex. A, Marritz Decl. at ¶13). Absent any justification for this dilatory conduct, Defendants' motion to set aside the default should be denied.

**C. Defendants are personally responsible for their default.**

Courts will sometimes set aside a party's default if someone other than the party itself (usually the party's attorney or registered agent) was at fault for the delay. *See, e.g., Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 415 (4th Cir. 2010) (registered agent at fault); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (attorney at fault). Here, by contrast, Defendants are entirely responsible for their own failure to respond to this lawsuit. Defendant Mekki admits that he was served personally with the complaint and summons in this matter, and that he did not respond to it. He attempts to justify his conduct by citing unspecified "personal family reasons" and his full-time job as a restaurant manager. (ECF No. 13 at 2). However, defendants of all sorts face work and family pressures, yet they still manage to respond to a federal lawsuit when one is filed against them. Defendants alone are responsible for failing to do so here, so this factor also favors denying their motion and leaving the default undisturbed.

**D. Plaintiff would suffer prejudice were the default to be set aside.**

Defendants should not be allowed to start defending this case only after the motion for default judgment has already been filed, as it would cause Plaintiff unfair prejudice. Unlike

5

complaints or answers, motions for default judgment must be supported by evidence—declarations, documents, or other things—sufficient for plaintiffs to meet their burden of proof. By the time a motion for default judgment is filed, then, a plaintiff has laid his or her strongest cards on the table—the evidence that the plaintiff deems most essential to winning the case—and has presented a thorough road-map of the theory of the case. This essentially allows the defendant to conduct substantial "free discovery" before the case has even begun. If defendants can choose whether to "bet or fold" (i.e., try the case or settle it) after already having a look at the plaintiff's hand, there would be no reason for any defendant to file an answer within the time set by the Federal Rules. This is especially unfair where, as here, the defendants have presented no competing evidence of their own in support of their alleged defenses. Thus, this factor also weighs in Plaintiff's favor, and Defendants' motion should be denied.

**E. The diligence of Defendants' counsel does not excuse Defendants' own dilatory conduct.**

Plaintiffs acknowledge that Defendants' *counsel* has been prompt in responding to this lawsuit since he was retained. (*See* ECF No. 13 at 2). However, counsel's diligence should not excuse the dilatory conduct of the Defendants themselves—including the decision to retain counsel only after Defendants' default had already been entered for over two weeks. (*See id.*). In any case, this factor should not be given undue weight compared with the factors deemed more significant by the Fourth Circuit—Defendants' lack of promptness and their failure to present any meritorious defense to the claims against them.

**F. Sanctions short of default judgment would be both inadequate and futile.**

Recognizing the Fourth Circuit's bias toward allowing cases to proceed on the merits, district courts sometimes impose sanctions short of default. Here, however, the balance of factors

weighs decisively against vacatur—Defendants have given no excuse for their delay and, even if the case were to be reopened, Defendants have shown no evidence that they have a valid defense on the merits. Thus, their motion to vacate the default should be denied.

**G. In the alternative, the Court should award Plaintiff the attorney's fees and costs occasioned by their dilatory conduct.**

Even if the Court decides to grant Defendants' motion and vacate their default, their dilatory conduct is still worthy of sanction. Defendants' unjustified delay has caused Plaintiff's counsel to engage in unnecessary and avoidable motions practice: counsel has had to draft both this opposition brief as well as a pending motion for default judgment that has only served to give Defendants free discovery into Plaintiff's case. In such cases, courts commonly award plaintiffs the attorney's fees and costs caused by the defaulting defendant's delay. *See Lolatchy*, 816 F.2d at 953; *Vick v. Wong*, 263 F.R.D. 325, 331 (E.D. Va. 2009) (collecting cases). However, this sanction is generally leveled against the defaulting party's attorney when the attorney is to blame for the default. (*See id.*). Here, by contrast, Defendants alone are to blame for their default and should have the attorney's-fee award entered against them, jointly and severally. As set out in counsel's declaration, Plaintiff has incurred $2,040 in reasonable attorney's fees in seeking default judgment and opposing this motion, and respectfully requests sanctions in that amount. (Ex. A, Marritz Decl. at ¶¶14–21). Plaintiffs also seek the $75.00 in costs charged by the process server after Defendants failed to waive service, per Fed. R. Civ. P. 4(d)(2)(B). (Ex. A, Marritz Decl. at ¶¶3–7; Ex. B., Invoice from Process Server).

**Conclusion**

For the foregoing reasons Defendants' motion to set aside their default should be denied. In the alternative Plaintiff respectfully requests an award of $2,040 in reasonable attorney's fees and $75.00 in costs against both Defendants, jointly and severally, as a sanction for their delay.

Respectfully submitted this 22nd day of November, 2017,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz (VSB #89795)
Hallie Ryan (VA Bar No. 85927)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org

**Certificate of Service**

I hereby certify that I filed the foregoing document on November 22, 2017 via the Court's CM/ECF system, which will cause a copy to be sent to all counsel of record.

/s/ Nicholas Cooper Marritz                        Date: November 22, 2017
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiff*