## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

JOSE SANCHEZ RAMOS

      Plaintiff,

    v.

BAWADI, INC.
d/b/a Bawadi Mediterranean Grill and Sweets Café

and KHALID MEKKI

      Defendants

Case No. 1:17-cv-924-LMB-TCB

Hearing Date: December 1, 2017

### DECLARATION OF NICHOLAS MARRITZ

#### Procedural History

1. I am an attorney of record in this case.

2. Plaintiff filed his complaint in this matter on August 15, 2017. (ECF No. 1).

3. On August 16, 2017, I sent each Defendant a notice of the lawsuit, a copy of the complaint, and two waiver-of-service forms via U.S. mail in accordance with Fed. R. Civ. P. 4(d).

4. Defendants failed to return the waiver-of-service forms within 30 days.

5. The Clerk issued summonses for both Defendants on September 28. (ECF No. 3).

6. On September 29, Plaintiffs served each Defendant with a complaint and summons via private process server. (Affidavits of Service, ECF No. 4).

7. The process server's fee for serving Defendants was $75.00. A copy of the invoice is attached as Exhibit B.



8. The process server served the individual defendant personally, in accordance with Fed. R. Civ. P. 4(e)(2)(A). (*Id.*) The process server served the corporate defendant by personally delivering the summons and complaint to the corporation's registered agent, Khalid Mekki, in accordance with Fed. R. Civ. P. 4(h)(1)(B). (*Id.*)

9. Upon being served, each Defendant then had 21 days—i.e., until October 20—to respond. Fed. R. Civ. P. 12(a)(1)(A)(i).

10. The Defendants failed to answer or otherwise respond to the complaint by October 20.

11. On October 27, Plaintiff requested that the Clerk enter Defendants' default. (ECF No. 5).

12. The Clerk entered Defendants' default on October 30. (ECF No. 6)

13. That same day, October 30, Defendant Khalid Mekki called me at my office to talk about the possibility of settling the case. My co-counsel Hallie Ryan and I met with Mr. Mekki at my office later that day but were unable to reach an agreement. This was the first time that Defendants had contacted us.

### Attorney's Fees & Costs

14. I am an attorney with the Legal Aid Justice Center and provide legal services to low income Virginians at no charge. Defendants' failure to respond to the complaint in time has caused me to have to draft and file two unnecessary briefs: a Motion for Default Judgment and a Memorandum in Opposition to Defendants' Motion to Set Aside Default. This unnecessary motions practice took me away from my normal caseload on behalf of the indigent.

15. I keep track of my work on this matter by entering my time into our proprietary case management software, JusticeServer. On November 22, 2017, I pulled all of my time entries from JusticeServer related to these two motions. In the exercise of billing judgment, I then reduced various time entries and eliminated others.

16. I have spent over 6 hours of reasonable attorney time in drafting these motions:

| Date | Description | Adjusted Time |
|---|---|---|
| 11/3/2017 | Drafting brief in support of motion for default judgment | 0.8 |
| 11/6/2017 | Drafting brief and declaration in support of motion for default judgment | 2.5 |
| 11/7/2017 | Drafting brief in support of motion for default judgment | 1.2 |
| 11/20/2017 | Drafting brief in opposition to motion to set aside default | 1.5 |

17. I am not seeking any fees for time spent by my co-counsel Hallie Ryan, or for my time preparing this declaration.

18. With regard to the hourly rate: I have served as counsel in the following FLSA cases in the Eastern District of Virginia:

    a. *Avila Flores v. Rababeh*, Case No. 1:15-cv-1415-TSE-TCB
    b. *Rivas v. R&R Catering, LLC*, Case No. 1:16-cv-343-LMB-JFA
    c. *Claros v. Sweet Home Improvements, Inc.*, Case No. 1:16-cv-344-AJT-MSN
    d. *Espinoza Dubon v. Reliable Assets, Inc.*, Case No. 1:16-1172-AJT-MSN
    e. *Brito v. Precision Laminate Workshop, Inc.*, Case No. 1:17-cv-93-LMB-MSN
    f. *Rodriguez v. Capital Commercial Solutions, LLC*, Case No. 1:17-cv-112-TSE-JFA

19. In the *Avila Flores*, *Rivas*, and *Claros* matters, I was awarded attorney's fees under the FLSA at a rate of $320 per hour. In the *Rodriguez* matter, Judge Ellis approved a $340 hourly rate for my work. (Dkt. #54, 55, 57).

20. For my work in this case, I am now seeking a rate of $340 per hour, which is the rate that Judge Ellis approved for me in the *Rodriguez* matter, and which is in keeping with the fee award approved by the Court over two years ago in *MTU Am. Inc. v. Swiftships Shipbuilders LLC*, No. 1:14-cv-733-LMB-TCB, 2015 WL 4139176 at *4 (E.D. Va. July 8, 2015) that approved a $535 standard hourly rate for a sixth-year associate based in Northern Virginia.

21. Accordingly, I am seeking a fee award of (6 hours × $340/hour) = **$2,040**.

22. I am also seeking the **$75.00** cost of serving Defendants via private process server after Defendants failed to waive service, per Fed. R. Civ. P. 4(d)(2)(B).

I declare under penalty of perjury that the foregoing is true and correct.

_____
Nicholas Marritz

11/22/2017
Date