THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Jose Sanchez Ramos,            )
                               )
    Plaintiff,                 )
                               )
v.                             )   Civil Action No.1:17cv924
                               )
Bawadi, Inc. et al.,           )
                               )
    Defendants.                )

## SCHEDULING ORDER

1. Upon consideration of the representations made by the parties in submissions presented, the Court makes the following rulings:

    a. The proposed Joint Discovery Plan (Doc. 19) is approved and shall control discovery to the extent of its application **unless** modified by the Court.

    2. The following provisions shall apply to the filing and noticing of all motions:

    (a) All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the clerk's office** within one day of the electronic filing. *See*

"Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c) Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after **service** of the motion and a reply brief may be filed 6 days after **service** of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs, notwithstanding the provisions of Fed. R. Civ. P. 6(d). Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(d) In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be **filed** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed** as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e) All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movants section, each of the movants enumerated facts and indicating whether the non-movant admits or

disputes the fact with appropriate citations to the record.   The

Court may assume that any fact identified by the movant as

undisputed in the movants brief that is not specifically

controverted in the non-movants brief in the manner set forth

above is admitted for the purpose of deciding the motion for

summary judgment.

(f)   Any motion to file a document under seal, including a

motion for entry of a protective order containing provisions for

filing documents under seal, must comply with Local Civil Rule

5.  **Local Civil Rule 5 has recently been amended.   The amended

version of Local Civil Rule 5 alleviates the need to file a

notice of hearing.**   The motion must state sufficient facts

supporting the action sought, and each proposed order must

include specific findings.   Where a party moves to file material

under seal because the opposing party has designated that

material as confidential, the opposing party must file a

response to the motion and a proposed order that meet the

requirements of Local Civil Rule 5.   Only the particular

material found to meet the required standard may be sealed, with

the remainder filed in the public record.   An unsealed, redacted

version of the filing in issue shall be filed with the motion to

seal.   Filings under seal are disfavored and discouraged.   *See*

*Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-

76 (4th Cir. 2004).

3. To the extent either party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

4. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

5. In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

It is so ORDERED.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

_____
Theresa Carroll Buchanan
United States Magistrate Judge

Date: December 21, 2017
Alexandria, Virginia