# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| JOSE SANCHEZ RAMOS<br><br>Plaintiff,<br><br>v.<br><br>BAWADI, INC.<br><br>and KHALID MEKKI<br><br>Defendants | Case No.: 1:17-cv-924-LMB-TCB |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA

COME NOW, Defendants BAWADI, INC. and KHALID MEKKI, through undersigned counsel, and hereby file this Opposition to Plaintiff's Motion for Protective Order and Motion to Quash Subpoena.

## INTRODUCTION

Plaintiff filed this action against Defendants for failure to pay overtime and minimum wage. In their Complaint, Plaintiff alleged that Defendant paid Plaintiff up to $600 a week in cash while the Plaintiff worked more than 40 hours a week. Plaintiff then continually made the Defendants' lack of employment records an issue throughout the discovery process. On the other hand, Plaintiff provided no evidence to support their allegations in discovery. Thus, this case rests solely on witness testimony on relies heavily on the credibility of each witness. Plaintiff seeks to use evidence of Defendants paying Plaintiff in cash and their lack of keeping employment records to support their allegations and attack Defendants' credibility. Defendants

1

intend to respond to this attack by providing their truthful explanation of why there were no records – that Defendant Mekki hired Plaintiff at Plaintiff's brother's request and that Plaintiff was paid in cash because that's how he wanted to be paid and there were no records because Defendant Mekki knew Plaintiff was undocumented. They do not intend to admit this evidence to argue that it is a bar to FLSA recovery or that it is a basis for good faith because the Plaintiff is undocumented. This information is highly relevant because it is the only truthful explanation to Plaintiff's allegations and attacks on Defendants' credibility.

## LEGAL STANDARD

### A. Scope of Discovery

In general, parties in a civil action enjoy broad discovery, and "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Federal Rule of Civil Procedure 26(b) provides that, unless otherwise ordered by the Court,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Thus, relevant information need only be reasonably calculated to lead to the discovery of admissible evidence. *McAfee v. Boczar*, 2012 U.S. Dist. LEXIS 87116 at *5 (E.D.Va. 2012). Courts broadly construe relevancy within the context of discovery to encompass any matter that "bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or

may be in the case." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D.W. Va. 2000) (citing *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 350, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

### B. Motion to Quash Defendants' Subpoena to DHS

Federal Rule of Civil Procedure 45(d)(3) provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." "[T]he burden for showing that a subpoena must be quashed under Rule 45([d])(3) is at all times on the movant." *Va. Dep't of Corr. v. Jordan (In re Va. Dep't of Corr.)*, 2017 U.S. Dist. LEXIS 183014, at *10 (E.D. Va. 2017) (citing *Ohio Valley Envtl. Coalition, Inc. v. United States Army Corps of Eng'rs*, No. 1:11MC35, 2012 U.S. Dist. LEXIS 4123, at *2 (N.D.W. Va. Jan. 12, 2012)); *see Sheet Metal Workers Int'l Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994).

### C. Motion for Protective Order

A protective order pursuant to Federal Rule of Civil Procedure 26(c) "should be sparingly used and cautiously granted." *Big Ernie's, Inc v. United States*, 2009 U.S. Dist. LEXIS 81937 at *3-4 (E.D.V.A. 2009) (citing *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987)). It is only appropriate if the moving party can show that failing to issue the order would subject it to "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As such, "the party seeking a protective order bears the weighty burden of showing the existence of good cause for the issuance of a protective order." *Id* (citing *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984)). Further,

courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause. This recognizes that the existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought by [discovery] weighed in the balance of the factual issues involved in each action.

8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2035 (2d ed. 2009).

## ARGUMENT

**I.    This Court should deny Plaintiff's Motion to Quash Subpoena and Motion for Protective Order because the information Defendants seek is highly relevant to the claims and defenses brought out by both parties in this case and restricting such information renders Defendants' right to respond to Plaintiff's allegations obsolete.**

Plaintiff's continuous claims that Defendants paid Plaintiff in cash and kept no records of his employment to corroborate their allegations in this matter gives rise to Defendants' only option to provide a truthful response, and any restriction on the Defendants' ability to respond to such allegations is highly prejudicial and a serious misuse of the judicial system. Fed. R. Evid. 104(e). Here, by arguing that, in general, immigration status is irrelevant to FLSA claims, Plaintiff seeks full enjoyment of admitting evidence that attacks the credibility of Defendants and helps support their claims while asking this Court to restrict Defendants from being able to set forth an explanation for such allegations. Defendants do not argue that Plaintiff's immigration status provides a bar to recovery of FLSA or that it provides Defendants with a basis for a good faith defense. Defendants simply seek this information in response to allegations made by Plaintiff in their Complaint and based on continuous requests during discovery regarding the lack of employment records kept by Defendants for Mr. Ramos.

In their brief in support of their Motion to Quash Subpoena and Motion for Protective Order, Plaintiff bases their entire argument regarding relevancy on other jurisdictions' opinions

4

that immigration status is not relevant in an FLSA case because it does not bar them from recovering under the statute. They fail to recognize that, although this general statement is correct, there are other factors that can make the issue relevant, including the arguments they make in their Complaint and their requests for discovery. Relevancy is not a blanket application but is to be considered in the full context of the specific facts of each case.

Defendants cannot simply ignore the allegations made by Plaintiff in their Complaint and throughout discovery in this matter. Here, Plaintiff has made the issue of his immigration status relevant by arguing that Mr. Mekki paid Plaintiff with cash in their Complaint and by continuously requesting information during discovery about any employment records kept by Bawadi, Inc. regarding Plaintiff. (Please see Exh. A and B). When Defendants tried to retrieve confirmation of Plaintiff's immigration status, Plaintiff continuously refused to provide the information. (Please see Exh. C, D and E).

It is clear that Plaintiff intends to use this evidence at trial against Defendants while attempting to strip Defendants of any possibility to explain the reason for their allegations. While Defendants attempted to resolve the issue and withdraw the subpoena, Plaintiff refused to agree to not use the evidence of Plaintiff being paid in cash and Defendant not having employment records. (Please see Exh. F).

Normal employment procedures would include Plaintiff filling out a W-4 form and providing documentation to show he can legally work in the United States so that Defendants could then place him on the payroll which would withhold taxes. Any individual who has obtained employment is accustomed and fully aware of these procedures. Plaintiff's admission of evidence that normal business procedures did not take place without any explanation casts an

extremely prejudicial view on Defendants. Without a full explanation of why these practices were not done, a jury could easily portray Defendants' actions as nefarious and deceitful. At best, it provides the portrayal of Defendants as extremely negligent in their business practices, thus severely attacking their credibility. Defendant Mekki has been clear with Plaintiff throughout this case that he hired him at Plaintiff's brother's request and the reason he did not keep records was that he knew that Plaintiff was an undocumented immigrant. (Please see Exh. G). Thus, this is Defendants' only truthful explanation they can put forth at trial regarding these allegations set forth by Plaintiff.

Any restriction on Defendants to provide a full and truthful explanation to Plaintiff's allegations is a serious misuse of the judicial system. Defendants have a right to introduce evidence that would bear on the weight and credibility of evidence put forth by Plaintiff. Fed. R. Evid. 104(e). Granting Plaintiff's Motion for Protective Order would completely render Defendants' ability to respond to Plaintiff's allegations, so that a trier of fact can properly determine the weight of such evidence, obsolete. Any alternative to allowing Defendant to respond to the allegations based on the facts of the case would strip them of their right to respond or would force them to be untruthful.

**II. Defendants' subpoena for immigration documents pertaining to Plaintiff is not overbroad and is the most convenient avenue to obtain the discoverable information given Plaintiff's continued refusal to provide such information.**

Defendants' request for immigration documents pertaining to Plaintiff is not overbroad as it seeks information relevant to the matter of one specific individual. Defendants' request goes specifically to documents that would either confirm or deny Plaintiff's undocumented status. Without knowing specifically what documents Department of Homeland Security may have in

regards to this person and subject matter, the request is tailored in a way that allows Defendants to seek the information that Department of Homeland Security may have or to simply state that they have no records on the Plaintiff. This is highly relevant to this case as it is a truthful response to Plaintiff's allegations that Mr. Mekki paid Plaintiff in cash and that Bawadi did not keep employment records for Plaintiff.

Further, Plaintiff argues that the subpoena should be quashed because Defendants can obtain the information from a more convenient source. They have the burden of proof to show how retrieving the information from them would be more convenient. However, Plaintiff has refused on multiple occasions, including at the Meet and Confer, to provide any information regarding the subject matter. They've clearly indicated to the Court in their brief in support of their Motion to Quash Subpoena and Motion for Protective Order, that they would adamantly litigate any Motion to Compel this information. Thus, subpoenaing a third party for information that a party continuously refused to give after multiple attempts from Defendants is in fact more convenient.

**III.** **If the Court should find Defendants' subpoena is overbroad, the preferred and available avenue for this Court is to modify the subpoena in order for the Defendants to retrieve the information they seek without providing more information than is relevant.**

As stated by Judge Diaz, of the 4th Circuit Court of Appeals, "in [his] view, a district court abuses its discretion when…it fails to recognize or consider the range of options available to it before ruling on a motion to quash." *Cook v. Howard*, 484 Fed. Appx. 805, 827 (4th Cir. 2012) (Diaz, J., dissenting). Other federal circuits have held that "[g]enerally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d

812, 818-19 (5th Cir. 2004). *See also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996).

Although Plaintiffs argue that Defendants' request for immigration documents pertaining to the Plaintiff could lead to certain unintended responses, such as asylum documents or documents pertaining to persecution or torture, it is clear that this is simply not the intention of Defendants in their request. If the Court should find it proper, a modification of the request would provide the most efficient and judicious solution to Plaintiff's issues with the language of the request.

**IV. Pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5), attorney's fees are not appropriate in this matter.**

In their Motion to Quash Subpoena and Motion for Protective Order, Plaintiff fails to cite the entirety of Fed. R. Civ. P. 37(a)(5), which states

> If the motion is granted—…the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain [relief] without court action;
> **(ii)** the opposing party's [action] was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.

*Moore v. Dan Holdings, Inc.*, 2013 U.S. Dist. LEXIS 61378, at *24 (M.D.N.C. 2013). In this matter, Plaintiff made no attempt to obtain relief before filing this Motion for Protective Order. (Please see Exh. H). Further, when Defendants tried to compromise in an amicable manner, Plaintiff refused. Also, Defendants' action was substantially justified, as they tried to get the

information they seek through this subpoena multiple times from Plaintiff, who continuously refuses to provide the information.

DATED: March 30, 2018

Respectfully submitted,

/S/ Ashraf Nubani
Ashraf Nubani
VA Bar No. 43595
AWN Point Law, PLLC
2677 Prosperity Drive
Suite 320
Fairfax, VA 22031
(703) 658-5151
awn@awnpointlaw.com
*Counsel for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2018, foregoing Opposition to Plaintiff's Motion to Quash Subpoena and Motion for Protective Order was served through electronic mail on Counsel of record for Plaintiff:

Nicholas Cooper Marritz (VSB No. 89795)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiff*

                                                /S/ Ashraf Nubani
                                                Ashraf Nubani