

UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA

                           Alexandria Division


JOSÉ SANCHEZ RAMOS

        Plaintiff,

        v.                                  Case No. 1:17-cv-924-LMB-TCB

BAWADI, INC. *et al.*,

        Defendants


                   **PLAINTIFF'S RESPONSE TO DEFENDANTS'
                    REQUEST FOR PRODUCTION OF DOCUMENTS**


1.      Produce any work schedules that you have from Bawadi.

**Answer:** None.

2.      Produce a forensically sound copy of any back-up copy of any data stored on each telephone Plaintiff used to send or receive text messages, images, videos, emails, or any other communications to or from Khaled Mekki, whether stored as an iCloud back-up or otherwise.

> **Answer:** Objection to the request as irrelevant, an invasion of Plaintiff's privacy, unduly burdensome and not proportional to the needs of the case. Plaintiff will produce back-up data of relevant documents that he is able to access. Subject to that objection:
>
> The cell phone (an iPhone 5) that Plaintiff used during most of his tenure with Bawadi was badly damaged by water about two weeks before his employment at Bawadi ended. It has been inoperable since that time. Plaintiff has been able to access some of the photographs and videos he took using this phone because they were backed up electronically. Plaintiff has produced photographs and videos related to his employment at Bawadi.

3. All communications between you and Khaled Mekki including, but not limited to, all messages, texts, photographs, or videos sent through the iPhone application called "Viber."

**Answer:** Plaintiff recalls exchanging at most a handful of text messages with Khalid Mekki over the course of his employment with Bawadi. Any such messages are stored solely on Plaintiff's damaged phone. He no longer has access to them by any reasonable means proportionate to the needs of the case. Defendants may have access to these messages via Khalid Mekki's phone. The only text message whose content he can presently recall was a message from Khalid Mekki sent to him after the May 5, 2017 fire that damaged the restaurant; to the best of Plaintiff's recollection, Mekki asked whether Plaintiff was going to come and clean the restaurant the following day.

4. All communications between you and any employee or independent contractor of Bawadi concerning rate of pay.

**Answer:** Objection to the request as vague and ambiguous insofar as Plaintiff does not have knowledge of the identities of all Bawadi employees or independent contractors. Consistent with this objection, Plaintiff will respond as to individuals who Plaintiff knows to be employees or independent contractors of Bawadi. Subject to that objection: None.

5. All communications between you and any employee or independent contractor of Bawadi concerning overtime pay.

**Answer**: Objection to the request as vague and ambiguous insofar as Plaintiff does not have knowledge of the identities of all Bawadi employees or independent contractors. Consistent with this objection, Plaintiff will respond as to individuals who Plaintiff knows to be employees or independent contractors of Bawadi. Subject to that objection: None.

6. All communications between you and any other person not named above (other than your legal counsel) concerning pay problems at Bawadi that are the basis for your Complaint.

**Answer**: Objection to the extent this request seeks privileged attorney-client communications and privileged work product. Subject to that objection: None.

7. Any and all diaries, calendars, appointment books, journals or other

documents authored, kept or maintained by you that chronicle the hours that were worked at Bawadi.

**Answer**: See attached documents.

8. To the extent not previously requested, all documents concerning or relating to Bawadi or Khaled Mekki.

**Answer**: Objection to the request of "all documents concerning or relating to Bawadi or Khaled Mekki" as overbroad, vague and ambiguous. Consistent with this objection, Plaintiff will produce those documents he considers to be relevant to any of the claims or defenses asserted in this action. Subject to that objection: see attached documents.

9. Your complete federal and state income tax return documents for the tax years during which you were employed by Bawadi as an employee and/or an independent contractor.

**Answer**: Objection to the requests as they attempt to discover Plaintiff's immigration status, are irrelevant, constitute an invasion of privacy, and their prejudicial and *in terrorem* effects outweigh any relevance.

10. All documents identified in your initial disclosures.

**Answer**: Objection to the request insofar as it would require Plaintiffs to disclose information stored on the inoperable iPhone identified in Plaintiff's Initial Disclosures, as accessing this information is unduly burdensome and disproportionate to the needs of the case. Subject to that objection: see attached documents.

11. All documents identified in your answers to Defendants' First Set of Interrogatories Directed to Plaintiff.

**Answer:** None.

12. All documents concerning your employment with Bawadi, including, without limitation, documents concerning the terms of your employment, your performance, company policies, your salary and benefits, your complaints regarding any conditions of your employment, your compensation, and the end of your employment.

**Answer**: Object to the term "concerning" as vague, and to the request in general as overbroad. Subject to that objection: see attached documents.

13. All documents evidencing or supporting your allegations in the Complaint and your request for damages.

**Answer**: Objection as vague, ambiguous and overbroad. Whether a document "supports" or "evidences" an allegation in the Complaint is subject to argument. Plaintiff will answer to the best of his ability, consistent with the foregoing objections. In addition, expert witnesses, exhibit lists and other trial materials will be produced according to the Court's December 6, 2017 Order. Subject to that objection: see attached documents.

14. All documents you intend to use, introduce or admit into evidence as exhibits at trial.

**Answer**: Objection, as this request is premature at this time. Plaintiff will produce a list of exhibits to be used at trial according to the Court's December 6, 2017 Order.

15. All documents concerning the termination of your employment with Bawadi.

**Answer**: Objection as vague. Consistent with this objection, Plaintiff will produce those documents he considers to be relevant to any of the claims or defenses asserted in this action. Subject to that objection: None.

16. All documents concerning any work you did for and with Bawadi, whether as a consultant or an employee.

**Answer**: Objection as vague. Consistent with this objection, Plaintiff will produce those documents he considers to be relevant to any of the claims or defenses asserted in this action. Subject to that objection: see attached documents.

17. All documents relating to any arrests, indictments or convictions of criminal offenses committed by you.

**Answer**: Objection as the request seeks information that is irrelevant to any party's claim or defense and which is inadmissible under Fed. R. Evid. 609. Subject to that objection: None.

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2018, I served a copy of Plaintiffs' Response to Defendants' Request for Admissions via U.S. Mail and email at the following addresses:

>Ashraf Nubani
>AWN Point Law, PLLC
>2650 Tower Dr., Suite 801
>Vienna, VA 22180
>awn@awnpointlaw.com

| | |
|---|---|
| January 29, 2018 | Respectfully Submitted,<br>_____/s/_____<br>Hallie Ryan (VSB No. 85927)<br>Legal Aid Justice Center<br>6066 Leesburg Pike, Suite 520<br>Falls Church, VA 22041<br>T: (703) 226-3426<br>F: (703) 778-3454<br>E: hallie@justice4all.org<br>*Counsel for Plaintiff* |