# EXHIBIT D

UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOSÉ SANCHEZ RAMOS | ) |
|     Plaintiff, | ) |
| | ) |
| vs | ) |
| | ) |
| | )   Case No. 1:17-cv-924-LMB-TCB |
| BAWADI, INC. | ) |
| and KHALID MEKKI | ) |
| | ) |
|     Defendants | ) |

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' REQUESTS FOR ADMISSION

### PRELIMINARY STATEMENT

Plaintiffs have not, at this time, fully completed their discovery and investigation in this action. All information contained herein is based solely upon such information and evidence as is presently available and known to Plaintiffs upon information and belief at this time. Further discovery, investigation, research and analysis may supply additional facts, and meaning to currently known information. Plaintiffs reserve the right to amend any and all responses herein as additional facts are ascertained, legal research is completed, and analysis is undertaken. The responses herein are made in a good faith effort to supply as much information as is presently known to Plaintiff.

### PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION

1. Admit that you are currently present in the in the United States in violation of the Immigration and Naturalization Act?

    **Objection**. This request is not within the scope of FRCP 36(a)(1) because it is unrelated to any party's claim or defense and any prejudice or *in terrorem* effects outweigh any relevance. *See also* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 403. Plaintiff's immigration status is irrelevant and prejudicial in this Fair Labor

Standards Act claim against Defendant. *See In re Reyes,* 814 F.2d 168, 170 (5th Cir.1987) (describing such discovery as "completely irrelevant to the case before it and [seeking] information that could inhibit petitioners in pursuing their rights ... because of possible collateral wholly unrelated consequences, because of embarrassment and inquiry into their private lives which was not justified, and also because it opened for litigation issues which were not present in the case").

**Answer**: I object to this interrogatory for the reasons stated in my discovery objections.

2. Admit that you do not have a valid visa or a Green Card pursuant to the Immigration and Naturalization Act?

   **Objection**. This request is not within the scope of FRCP 36(a)(1) because it is unrelated to any party's claim or defense and any prejudice or *in terrorem* effects outweigh any relevance. *See also* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 403. Plaintiff's immigration status is irrelevant and prejudicial in this Fair Labor Standards Act claim against Defendant. *See In re Reyes,* 814 F.2d 168, 170 (5th Cir.1987) (describing such discovery as "completely irrelevant to the case before it and [seeking] information that could inhibit petitioners in pursuing their rights ... because of possible collateral wholly unrelated consequences, because of embarrassment and inquiry into their private lives which was not justified, and also because it opened for litigation issues which were not present in the case").

   **Answer:** I object to this interrogatory for the reasons stated in my discovery objections.

3. Admit that Khalid Mekki never discussed an hourly rate of pay?

   **Objection**. This request seeks information of which Plaintiff lacks the requisite knowledge or information. As stated, the request covers *any* conversation Defendant Mekki *ever* had with *any* individual, and as such is vague, ambiguous and overbroad, and not within Plaintiff's ability to know. Subject to that objection:

   **Answer**: Deny. On several occasions, I asked Khalid Mekki if I could be paid hourly because I was working many hours. Mekki declined.

4. Admit that you never had a time card or presented written documentation of hours worked to any person at Bawadi?

   **Answer**: Admit that I was never issued a time card. Deny that I never presented written documentation of hours worked to any person at Bawadi. On one occasion about halfway through my employment, I attempted to present my hours to

Khalid Mekki by writing them on a blank time card. Khalid Mekki did not accept the time card.

5. Admit that you never were received permission to work overtime from Khalid Mekki?

    **Objection**. The request is vague and ambiguous. Subject to that objection:

    **Answer**: Deny.

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2018, I served a copy of Plaintiffs' Response to Defendants' Request for Admissions via U.S. Mail and email at the following addresses:

> Ashraf Nubani
> AWN Point Law, PLLC
> 2650 Tower Dr., Suite 801
> Vienna, VA 22180
> awn@awnpointlaw.com

January 29, 2018

Respectfully Submitted,
_____/s/_____
Hallie Ryan (VSB No. 85927)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
T: (703) 226-3426
F: (703) 778-3454
E: hallie@justice4all.org
*Counsel for Plaintiff*