**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| JOSE SANCHEZ RAMOS<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAWADI, INC.<br>and KHALID MEKKI<br><br>　　　　Defendants | Case No. 1:17-cv-924-LMB-TCB<br><br>Hearing Date:<br>April 6, 2018, 10:00 a.m. |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Defendants have admitted that they kept no records of Plaintiff's work hours or how much he was paid. They have not shown how Plaintiff's immigration status excuses them for failing to comply with this statutory requirement, or how his immigration status makes it unfair to point that failure out to the jury. Nor have they shown why an intimidating subpoena to the U.S. Department of Homeland Security (DHS) is the best way to obtain this irrelevant information. Thus, the Court should quash the subpoena, enter a protective order, and award Plaintiff his costs.

**ARGUMENT**

**I.   Defendants have not shown that Plaintiff's immigration status is relevant to any issue in this case.**

In their brief, Defendants argue that employing undocumented workers excuses them from complying with the recordkeeping requirements of the Fair Labor Standards Act (FLSA).

They also argue that it is unfair for Plaintiff to point out Defendants' recordkeeping failures to the jury. Defendants do not cite a single case in support of these arguments, and neither of them holds water.

### a. The FLSA requires covered employers to keep records of all of their employees' wages and hours, regardless of immigration status.

First, Defendants fail to show how Plaintiff's immigration information is relevant to their admitted failure to comply with the FLSA's record-keeping requirements. Employers have a duty under the FLSA to keep accurate records of basic information about every employee's wages and hours, including the time and day that the employee's workweek begins, the employee's hours worked each day and each workweek, the regular hourly pay rate, and the employee's total overtime earnings for each workweek. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.5-516.6. Employers are required to keep these records for two to three years. *See id.* Defendants admit that they failed keep any record of Plaintiff's hours worked or wages paid, (*See* Defs.' Opposition Brief, ECF No. 25 at 1–2), but they now seek to use Plaintiff's immigration status to "explain the reason." (*Id*. at 5).

This argument is without merit, because an employer's duty to comply with the FLSA is unconditional and cannot be modified by agreement with the worker. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). As a practical matter, Defendants do not argue that an employee's immigration status would actually *prevent* them from keeping the FLSA's required employment records. And as the Supreme Court has noted, an employer's subjective motivation for failing to keep records is irrelevant to this "statutory duty." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946) ("even where the [employer's] lack of accurate records grows out of a bona fide mistake…the employer, having received the benefits of such work, cannot object to the payment for the work"). As the *Mt. Clemens Pottery* Court held, to find otherwise would

"place a premium on an employer's failure to keep proper records […] [I]t would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act." *Id*. at 687; *see also Angamarca v. Da Ciro Inc.*, 303 F.R.D. 445, 447–48 (S.D.N.Y. 2012) (employer's practice of paying undocumented employees "less precisely" in cash because of their immigration status was exactly "the kind of willful violation[] which FLSA explicitly seeks to remedy").

      **b. Nothing about Plaintiff's immigration status makes it unfair to inform the jury about Defendants' failure to keep basic employment records about his work.**

Defendants also argue that informing the jury of Plaintiff's immigration status is relevant to the issue of Defendants' credibility, which they understand will be damaged by their failure to maintain required records. (*See* Defs.' Opposition Brief, ECF No. 25 at 1–2, 4–6.) As explained above, however, a worker's immigration status has no bearing on an employer's recordkeeping duties. The only benefit Defendants stand to gain from raising the issue of immigration status would be to prejudice Plaintiff by stirring up jury bias against immigrant workers. This type of retaliation, oppression, and harassment is exactly what is prohibited under the case law and the Federal Rules of Evidence. *See* Fed. R. Evid. 403 (allowing a court to exclude even relevant evidence if there is sufficient risk of unfair prejudice); *see also id.* at 404(b) (evidence of a prior crime, wrong, or other act is not admissible to prove a person's character).

**II.    Defendants' subpoena to DHS is overbroad and ignores more direct sources of information, exemplifying the *in terrorem* effect that discourages workers from vindicating their rights.**

Defendants' argument that its subpoena to the U.S. Department of Homeland Security——seeking every page of Plaintiff's immigration file—is the most "tailored" and "convenient" way to obtain Plaintiff's immigration status is unconvincing. (*See* Def's. Opposition Brief, ECF No. 25 at 6–7).

Defendants acknowledge that their subpoena is overbroad, as it seeks every page of Plaintiff's confidential immigration file, including "unintended responses, such as asylum documents or documents pertaining to persecution or torture." (*Id.* at 8). But rather than suggesting any potential narrowing language, they say only that "this is simply not the intention of Defendants in their request." (*See id.*). Defendants have given the Court no reason to rewrite their overbroad subpoena for them rather than quash it outright.

Moreover, Defendants' use of a third-party subpoena to DHS—instead of using the party-to-party discovery devices allowed by the Federal Rules—suggests the subpoena's intended purpose: to intimidate Plaintiff into dropping this lawsuit by bringing him to the attention of the federal immigration authorities. Defendants know full well how to ask Plaintiff about his immigration status directly, through interrogatories, document requests, and requests for admissions. (*See* ECF No. 25-3; 25-4; and 25-5). If Defendants' true purpose were to obtain relevant discovery (and not to harass or intimidate), they could have simply filed a motion to compel him to answer those requests.

But rather than seek their answers directly from the source, Defendants instead informed Plaintiff that they intend to seek his entire immigration file from DHS. This in itself is improper. As Defendants acknowledge, Civil Rule 26(b)(1)(C) requires a court to limit discovery where the

desired information can be obtained from a more convenient source. In response, Defendants argue that their subpoena to DHS is more convenient than simply asking Plaintiff about his status directly because he would resist a motion to compel. (*See* Defs.' Opposition Brief, ECF No. 25 at 7). Defendants' chosen route would only be more "convenient" if its true purpose were to attempt to retaliate against Plaintiff, rather than to obtain relevant information. *See Contreras v. Corinthian Vigor Ins. Brokerage, Inc.*, 103 F. Supp. 2d 1180 (N.D. Cal. 2000) (defendant employer's reporting plaintiff to immigration authorities constituted retaliation under the FLSA).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to Quash and Motion for a Protective Order and award costs of this motion.

Date: April 3, 2018

Respectfully submitted,

/s/ Hallie Ryan
Hallie Ryan (VSB No. 85927)
Nicholas Cooper Marritz (VSB No. 89795)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 226-3426
Fax: (703) 778-3454
hallie@justice4all.org
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to:

>Ashraf Nubani
>AWN Point Law, PLLC
>2677 Prosperity Ave., Suite 320
>Fairfax, VA 22031
>awn@awnpointlaw.com

/s/ Hallie Ryan                                                                             Date: April 3, 2018
Hallie Ryan (VSB No. 85927)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 226-3426
Fax: (703) 778-3454
hallie@justice4all.org
*Counsel for Plaintiff*