UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JOSE SANCHEZ RAMOS

    Plaintiff,

  v.

BAWADI, INC. and KHALID MEKKI

    Defendants

Case No. 1:17-cv-924-LMB-TCB

**Memorandum In Support of Plaintiff's Motion for
Approval of FLSA Settlement**

Claims under the FLSA may not be waived or settled without U.S. Department of Labor or Court approval. *See* 29 U.S.C. § 216(c); *see also Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *vacated on other grounds*, 493 F.3d 454 (4th Cir. 2007). When reviewing a proposed FLSA settlement, the Court must "scrutinize the settlement for fairness" and decide whether the proposal is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The Court's review of the settlement should include these four factors: (1) was the settlement achieved in an adversarial context? (2) Was the plaintiff represented by an attorney who can protect her rights? (3) Does the settlement reflect a reasonable compromise over issues that are actually in dispute? and (4) Is the settlement fair? *Id*.

Because the answer to all of these questions is "yes," Plaintiff asks that the court approve the settlement and dismiss this matter with prejudice.

1.  **The settlement was achieved in an adversarial context.**

    There is no disputing that this settlement was achieved in an adversarial context—the parties have both litigated their positions with vigor, and the matter is settling only after full discovery, including depositions by both sides.

2.  **Plaintiff was represented by competent counsel.**

    Through out the litigation, Plaintiff was represented by competent counsel: one of Plaintiff's attorneys, Nicholas Marritz, regularly represents workers in FLSA cases in in both state and federal court. Since joining the Virginia bar in 2015, he has appeared in the following FLSA cases before this Court:

    - *Avila Flores v. Rababeh*, Case No. 1:15-cv-1415-TSE-TCB
    - *Rivas v. R&R Catering, LLC*, Case No. 1:16-cv-343-LMB-JFA
    - *Claros v. Sweet Home Improvements, Inc.*, Case No. 1:16-cv-344-AJT-MSN
    - *Espinoza Dubon v. Reliable Assets, Inc.*, Case No. 1:16-1172-AJT-MSN
    - *Brito v. Precision Laminate Workshop, Inc.*, Case No. 1:17-cv-93-LMB-MSN
    - *Nolasco v. Huong Binh Foods, Inc.*, Case No. 1:17-cv-1407-LO-TCB

Before joining the Virginia bar in 2015, Mr. Marritz served as a staff attorney with Farmworker Justice in Washington, D.C., representing low-wage immigrant farmworkers in federal courts across the country, including in the following FLSA cases:

    - *Villalobos v. Calandri Sonrise Farms LP*, 2:12-cv-2615 (C.D. Cal.)
    - *Smith v. Bulls-Hit Ranch & Farm*, 3:12-cv-449 (M.D. Fla.)
    - *Jimenez v. GLK Foods, LLC*, 1:12-cv-209 (E.D. Wis.)
    - *Ramirez v. GLK Foods, LLC*, 1:12-cv-210 (E.D. Wis.)
    - *Ruiz v. Fernandez*, 2:11-cv-3088 (E.D. Wash.) (not counsel of record)

    Plaintiff's co-counsel, Hallie Ryan, is also an experienced litigator. Prior to joining the Legal Aid Justice Center, she led the Criminal Justice Initiative at the Lawyers' Committee for Civil Rights in Washington, D.C. where she litigated cases challenging mass incarceration.

**3. The settlement reflects a reasonable compromise over issues that are actually in dispute.**

The parties largely agree on many of the dispositive facts, but they vigorously dispute how many hours the Plaintiff worked each week. In a case where the primary claim is one of unpaid overtime, this is of course a critical issue. The settlement reflects a reasonable compromise because, based on Plaintiff's own allegations, he is receiving more than the actual damages he is owed.

**4. The settlement is otherwise fair and reasonable.**

The parties reached the material terms of their settlement via a settlement conference mediated personally by Magistrate Judge Buchanan, whom the parties have granted full power to hear and decide this case. The parties' Agreement simply memorializes their settlement terms in writing. This weighs strongly in favor of finding that the settlement is fair and reasonable.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully asks that the Court approve the settlement and dismiss this action with prejudice.

Respectfully submitted this 11th day of May, 2018,

/s/ Nicholas Cooper Marritz
Nicholas Cooper Marritz (VSB #89795)
Hallie Ryan (VA Bar No. 85927)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org

**Certificate of Service**

I hereby certify that on May 11, 2018, I filed the foregoing Motion via the Court's CM/ECF system, which will cause a notice of electronic filing (NEF) to be sent to all counsel of record.

/s/ Nicholas Cooper Marritz                                    Date: May 11, 2018
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiff*